Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Plaintiff(s), Appellants

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br>Plaintiff(s), Appellants,<br><br>v.<br><br>WARREN GREEN, et al.<br><br>Defendant(s) - Appellees | No. 23-3603<br><br>D.C. No: 2:21-cv-01861-TLN-JDP<br><br>**MOTION TO STAY APPELLATE PROCEEDINGS AND AFFIDAVIT ISO** |

    Pursuant to this Court's order dated March 14, 2024 [ECF No. 7] *and Federal Rule of Appellate Procedure 27*, Plaintiffs-Appellants Gavin Mehl and Ron Cupp respectfully move to stay the appellate proceedings. A temporary stay is warranted to afford Appellant Gavin Mehl adequate time to petition the Supreme Court of California regarding the potential transfer of a related state court action that formed the basis for the district court's determination that Appellants are collaterally estopped from litigating specific claims.

    Specifically, in the case of *Mehl v. Wilmington Trust National Association*, Case Number C100563, the magistrate judge's findings and recommendations concluded that Appellants were collaterally estopped based on non-final state court findings and a judgment that Appellants have appealed in Case No. 21UD01125. Appellants, therefore, seek a stay of this federal appeal to allow for complete resolution of the parallel state

proceedings, including Mehl's anticipated petitions to the California Supreme Court regarding the potential transfer of the state case to that court for review.

Accordingly, Appellants request that this Court exercise its discretion to stay the instant appellate proceedings pending the final resolution of the related state court litigation and Appellants' efforts to exhaust potential remedies in the California state courts.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs' claims arise from alleged violations of federal and state consumer protection laws by Defendants relating to debt collection practices. Plaintiffs contend that they correctly disputed the debt in writing, which should have paused collection efforts under the Fair Debt Collection Practices Act (FDCPA). However, Plaintiffs, PeerStreet, and Wilmington continued collection activities through credit reporting and pursuing a second lawsuit against Plaintiffs in state court.

Plaintiffs filed the instant federal lawsuit on October 8, 2021, reserving their federal claims for federal court. Plaintiffs rely on the Supreme Court's decision in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), which recognized a procedure whereby parties involuntarily litigating state-law claims in state court may "reserve" their federal claims for later determination by a federal court.

Plaintiffs further cite subsequent case law confirming this notion concerning reserving federal issue questions, including *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir. 1976) and *Sharpley v. Davis*, 786 F.2d 1109 (11th Cir. 1986), which held that a Plaintiff wishing to preserve access to a federal forum must do so "at the earliest administrative level," or else "subsequent state court review of that initial administrative determination… eliminates the opportunity to present such federal claims in a federal forum."

Plaintiffs assert that they filed the present federal lawsuit in a timely manner to reserve their federal claims before the state court made findings of fact and entered judgment. Subsequently, the magistrate judge issued findings and recommendations concluding that Plaintiffs were collaterally estopped based on the state court findings and court judgment, which are not final.

However, Plaintiffs contend that the state court judgment is not final 21UD01125, as Mehl intends to petition the California Supreme Court for review. As the magistrate judge relied on state court findings that remain subject to appeal, Plaintiffs requested that the district court judge stay the instant federal case under applicable abstention doctrines until the state appeal concludes.

Plaintiffs argue that abstention would avoid the risk of conflicting rulings between the state appeal and the federal case. They assert it would also prevent federal interference with the ongoing state appellate proceedings. Plaintiffs contend that abstaining pending the appeal's resolution would adhere to principles of equity, comity, and federalism, consistent with the rationale underlying abstention doctrines.

On March 25, 2024, the Court of Appeal denied Plaintiff Gavin Mehl's petition for transfer of the case from the appellate division. On April 5, 2024, Mehl wrote to the Supreme Court of California, requesting clarification regarding whether Rule 8.500(a)(1) of the California Rules of Court applies to his case, *Mehl v. Wilmington Trust National Association*, C100563. Mehl indicated that he previously received letters from the Court of Appeal suggesting that the rules do not appear to allow filing a petition for review of the transfer denial.

Mehl sought definitive clarification from the Supreme Court on whether his case's facts and procedural history properly align with the requirements of Rule 8.500(a)(1) for filing a petition for review. Mehl requested written confirmation of this determination,

along with a finding that, in his case, there is no plain, speedy, and adequate remedy available in the ordinary course of law.

Mehl plans to wait for instruction from the California Supreme Court on how to proceed and, if no adequate remedy at law exists, explore writ proceedings.

### *DEFENDANTS POSITION*

On March 22, 2024, Gavin Mehl contacted opposing counsel seeking their positions on whether a stay of the federal appellate proceedings would be appropriate, while the related state case, *Mehl v. Wilmington Trust National Association*, Case No. C100563 matures before the California 3rd Appellate District and now the California Supreme Court. Mehl cited the Ninth Circuit's order instructing that any further motion to extend the briefing schedule based on state court proceedings should be filed as a motion to stay the appellate proceedings and include opposing counsel's position.

On March 22, 2024, Eric Pezold, counsel for Appellee PeerStreet, Inc., stated that Appellees' position is that a stay is inappropriate. He argued that the Third District Court of Appeal lacks jurisdiction to hear an appeal from a limited civil case, citing *Anchor Marine Repair Co. v. Magnan*, 93 Cal. App. 4th 525, 528 (2001). Pezold contended that there is no reason to believe the Third District Court of Appeal will grant Mehl's pending "Petition for Transfer" and, therefore, no need for additional delay in the federal appeal.

On March 22, 2024, Edward A. Treder, counsel for Appellees Wilmington Trust, NA, and Warren Green, agreed with Eric Pezold's analysis and conclusions. Treder further added that such petitions for transfer are rarely granted. He noted that the superior court record was filed in the Court of Appeal on March 12, 2024, and the deadline for a ruling on the petition is April 1, 2024, pursuant to CRC, rule 8.1008(a)(1)(A). Treder stated that the petition is deemed denied if the Court of Appeal does not order a transfer before that date, as per CRC, rule 8.1008(a)(3). He argued that until then, any further

motion to extend the opening brief filing deadline in the federal appeal is premature and unnecessary.

In his email response, Gavin Mehl respectfully disagreed with Mr. Pezold's analysis and reliance on the *Anchor Marine Repair Co. v. Magnan* case. Mehl pointed out that the procedural posture in his case is different, as he properly filed a Petition for Transfer with the 3rd District Court of Appeal under the California Rules of Court governing transfer of cases from the appellate division.

Mehl explained that the *Anchor Marine* case dealt with an improper direct appeal rather than a petition for transfer, so it does not address the applicable standards for when the Court of Appeal should grant transfer "to secure uniformity of decision or to settle important questions of law" under the governing rules.

Mehl urged Pezold to re-evaluate his position on a potential stay based on the specific rules for petitions for transfer rather than citing an inapplicable case about direct appeals. He noted that while Pezold may argue transfer is unlikely, simply stating that does not substantiate the position without analyzing the actual transfer criteria. Mehl requested Pezold provide an updated response evaluating the merits under the proper legal standards.

On March 25, 2024, Mr. Pezold stated: In light of the Court of Appeal's denial of your Petition for Transfer, there are no longer grounds for a motion to stay. Mehl intends to await guidance from the California Supreme Court regarding correctly proceeding with further review of his case. Suppose the Supreme Court determines that his case lacks an adequate remedy through the course of the ordinary appeal. In that case, Mehl will then pursue potential writ proceedings as an alternative avenue for relief.

## LEGAL ARGUMENT

**I. The Legal Standard for a Stay of Appellate Proceedings**

In the Ninth Circuit, a stay of appellate proceedings is an exercise of judicial discretion. It requires the movant to satisfy a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); see also *Lair v. Bullock*, 798 F.3d 736, 761 (9th Cir. 2015).

The most critical factors are "the relative hardships to the parties" and whether "issuance of the stay will substantially injure other interested parties." *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). The movant "need not demonstrate that it is more likely than not that they will win on the merits" but must show "that they have a fair prospect of success on the merits." *Lair*, 798 F.3d at 761 (citations omitted).

### II. Appellants Have Demonstrated Entitlement to a Stay Under the Four-Factor Test

#### A. Likelihood of Success on the Merits

Appellants have a substantial likelihood of success on the merits because they explicitly reserved their federal claims by filing this district court action, Case No. 2:21-cv-01861-TLN-JDP (PS), *Mehl et al. v. Green et al.*, on October 8, 2021, before the adjudication of the parallel state court case. This filing was done with the express intent of preserving their ability to return to federal court to litigate federal claims after concluding state proceedings - precisely the type of reservation the Supreme Court had in mind in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964) and cases like *Jennings v. Caddo Parish School Board*, 531 F.2d 305 (5th Cir. 1976).

As emphasized in *Holmes v. Jones*, 719 F.2d 843 (4th Cir. 1983), simply making a vague statement about reserving the right to challenge constitutional issues is insufficient. Instead, *Holmes* confirms that to preserve federal claims under *England* properly, and a Plaintiff must explicitly demonstrate through actions their unequivocal intent to return to federal court after concluding state court proceedings. This reservation must be made expressly and in an involuntary manner, as the *England* reservation only applies when the Plaintiff is forced into state court due to federal abstention principles.

Here, by filing this federal lawsuit before final resolution of the state case, Appellants took clear steps to expressly reserve their federal claims according to the *Holmes* and *England/Jennings* requirements. The filing of the federal complaint manifests Appellants' unambiguous intent to litigate any remaining federal issues in federal court after the state case concludes. On October 18, 2021, Appellant explicitly provided this notice of this dispute on the formal state court record to solidify the reservation further.

By taking these express reservation actions, Appellants have properly invoked and complied with the *England* doctrine's requirements for preserving federal claims while involuntarily litigating related state matters first. The district court committed legal error by failing to recognize Appellants' adequate reservation of federal claims through their complaint filing and instead improperly according to preclusive effect to non-final state court judgments currently under appeal. Affording collateral estoppel to such interim rulings defies the established, widely accepted legal principle that claim preclusion cannot attach until a judgment is truly final after exhaustion of all appeals. It is well-settled that state court judgments are not final for purposes of res judicata while still subject to appeal. See *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 125 (7th Cir. 1977).

In light of their full compliance with the *England/Jennings* reservation procedure by filing this federal action, Appellants have a substantial likelihood of success in demonstrating the district court's dismissal on preclusion grounds was premature legal error. This weighs heavily in favor of granting a stay.

### B. Irreparable Injury

The potential loss of reserved federal claims constitutes irreparable injury. See *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("An authority is irreparable injury sufficient grounds for issuing a stay."). Appellants face irreparable harm if their federal claims are effectively extinguished through premature application of collateral estoppel based on interim state rulings before they can secure a final state judgment to which res judicata would properly attach.

### C. Balance of Hardships Favors a Stay

A temporary stay would impose a modest delay while promoting judicial economy by avoiding inconsistent rulings and unnecessary constitutional questions. See *Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 314 (9th Cir. 1978) (indicating a stay may be appropriate to avoid rendering an unnecessary constitutional ruling). In contrast, Appellees face minimal prejudice beyond the inherent delay of appellate review, which alone does not constitute a substantial hardship. See *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1116-17 (9th Cir. 2008) (finding the inherent delay of appellate review, without more, is not an irreparable harm).

### D. The Public Interest Favors a Stay

The public interest is served by judicial restraint that avoids federal intrusion into ongoing state proceedings and preserves Appellants' ability to litigate reserved federal claims in federal court. See *Younger v. Harris,* 401 U.S. 37, 44 (1971); *Gilbertson v.*

*Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (stating that minimizing federal court interference with ongoing state proceedings is an essential factor when determining if equitable relief is appropriate).

Moreover, principles of comity, equity, and federalism weigh heavily in favor of a temporary stay to allow state courts to resolve state law issues and enter a final judgment. See *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 500 (1941); *Almodovar v. Reiner*, 832 F.3d 1138, 1142 (9th Cir. 2016) (recognizing federalism principles underlying *Pullman* abstention).

The relevant factors support granting Appelants' motion to temporarily stay appellate proceedings pending resolution of the parallel state court appeal and related state court petitions. A modest delay would promote judicial economy, avoid potential conflicts, and safeguard Appelants' ability to ultimately present reserved federal claims to this Court as prescribed under the *England* reservation doctrine.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court exercise its discretion to grant a stay of the appellate proceedings pending final resolution of the parallel state court appeal in *Mehl v. Wilmington Trust National Association*, Case No. C100563. The relevant factors under controlling Ninth Circuit precedent weigh decisively in favor of temporarily pausing this matter.

First, Appellants have demonstrated a fair prospect of success on the merits. The district court's dismissal on collateral estoppel grounds improperly failed to account for Appellants' timely reservation of federal claims under the *England* doctrine and erroneously afforded preclusive effect to non-final state court judgments currently under appeal.

Second, Appellants face irreparable injury absent a stay, as their reserved federal claims may be effectively extinguished before they can secure a final state judgment to which ordinary principles of res judicata would properly attach.

Third, a temporary stay imposes only a modest delay on Appellees while promoting the overall judicial economy by avoiding the risk of conflicting rulings and unnecessary constitutional adjudication between the state and federal proceedings.

Finally, the public interest is best served by judicial restraint that respects equity, comity, and federalism principles. A stay preserves Appellants' ability to ultimately present their reserved federal claims in this Court while allowing the state courts to fully and finally resolve related state law issues within their jurisdiction.

In contrast, denying a stay and allowing these parallel matters to proceed risks generating unnecessary conflicts, wasting judicial resources, and undermining Appellants' rightful ability to access a federal forum under *England* and its progeny. Such a result would defy well-established legal principles and prudential considerations.

Accordingly, this Court should grant Appellants' motion and temporarily stay further appellate proceedings until the pending state court appeal concludes and Appellants can exhaust all potential state remedies if the judgment is affirmed. A modest delay incidental to Appellants' reservation procedure pales in comparison to the substantial injustice of improperly extinguishing important federal claims at this preliminary stage.

Respectfully submitted,

Dated: April 12, 2024                 /s/ Gavin Mehl

Dated: April 12, 2024                 /s/ Ron Cupp

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br>Plaintiff(s), Appellants,<br><br>v.<br><br>WARREN GREEN, et al.<br><br>Defendant(s) - Appellees | No. 23-3603<br><br>D.C. No: 2:21-cv-01861-TLN-JDP<br><br>**AFFIDAVIT OF GAVIN MEHL IN SUPPORT OF MOTION TO STAY APPELLATE PROCEEDINGS** |

I, Gavin Mehl, being duly sworn, do hereby declare and state as follows:

I am the Plaintiff-appellant in the above-captioned federal appeal arising from alleged violations of federal and state consumer protection laws relating to Defendant-Appellees' debt collection practices.

On October 8, 2021, I filed this federal lawsuit, reserving my federal claims while allowing related state law claims to proceed in the pending state court case, *Mehl v. Wilmington Trust National Association,* Case No. C100563.

On October 18, 2021, I explicitly provided notice of this dispute on the formal state court record to solidify the reservation further.

In reserving the federal issues under *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411 (1964), I intended to avoid the risk of being precluded from a federal forum on the federal questions.

The state court case resulted in findings and a judgment adverse to me. However, that judgment is not final, as I intend to petition the California Supreme Court for review.

On March 25, 2024, the Court of Appeal denied my petition seeking transfer of the case from the appellate division to itself. However, I have since written to the California Supreme Court seeking clarification on whether Rule 8.500(a)(1) requirements are met to allow me to petition for review of the transfer denial.

I await guidance from the Supreme Court on the proper procedures for further review of the non-final state court judgment per California's rules and precedent.

If the Supreme Court determines that no plain, speedy and adequate remedy is available through the ordinary appeals process, I will promptly pursue potential writ proceedings as an alternative.

Temporarily staying this federal appeal while the state proceedings continue to resolve the issues through normal appellate channels would potentially promote judicial economy and avoid inconsistent rulings.

A modest delay would prevent this Court from rendering a premature decision that could conflict with the ultimate conclusion from California's highest court.

The principles of equity, comity, and federalism heavily favor allowing the state to conclude its proceedings fully before adjudicating the reserved federal issues here.

In contrast, the Defendants-Appellees face little prejudice beyond the inherent delay necessitated by proper exhaustion of state remedies, which does not constitute a substantial hardship.

For these reasons, and those further detailed in my motion, a temporary stay of this appeal pending resolution of the state case through all available channels is warranted and supported by precedent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 12, 2024 /s/ Gavin Mehl

**PROOF OF ELECTRONIC SERVICE**

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 5960 S Land Park Drive #1166 Sac, CA 95822.

    b. My electronic service address is: mehlgavin@gmail.com

3. I electronically served the following document, as indicated below:

    MOTION TO STAY APPELLATE PROCEEDINGS AND AFFIDAVIT ISO

4. I electronically served the document checked in 3 as follows:

    a. (1) Name of person served: Edward A. Treder, Barrett Daffin

       On behalf of: Wilmington Trust, NA, as Trustee of MFRA Trust

       (2) Electronic service address of person served: edwardt@bdfgroup.com

    b. (1) Name of Person served: Eric S. Pezold

       On behalf of: Peer Street, Inc., Snell & Wilmer L.L.P.

       (2) Electronic service address of person served: epezold@swlaw.com

    c. (1) Name of Person served: Andrew Blake Still

       On behalf of: Andrew Blake Still

       (2) Electronic service address of person served: astill@swlaw.com

5. On (*date*): April 12, 2024

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 12, 2024,                    /s/ Gavin Mehl
                                       By: _____