Case No. 23-3603

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GAVIN MEHL and RON CUPP,

Plaintiff and Appellants,

v.

WARREN GREEN, et al.,

Defendants and Appellees.
_____

United States District Court, Eastern District of California,
Case No. 2:21-cv-01861-TLN-JDP
Hon. Troy L. Nunley
_____

**Opposition to Appellants' Motion to Stay
Appellate Proceedings**
_____

SNELL & WILMER L.L.P.
Eric S. Pezold, Cal. Bar No. 255657
Andrew B. Still, Cal. Bar No. 312444
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
E-mail:  epezold@swlaw.com
              astill@swlaw.com

Attorneys for Appellees Peer Street, Inc., PS Funding, Inc., Snell &
Wilmer, LLP, and Andrew Still

**Opposition to Appellants' Motion to Stay Appellate Proceedings**

This court should deny appellants' motion for stay and put an end to appellants Gavin Mehl and Ron Cupp's attempts to delay the resolution of the parties' disputes, which have been at center of numerous proceedings across various fora. After having failed in other jurisdictions, Mr. Mehl brought the underlying case in the Eastern District of California. The district court entered judgment in favor of appellees, finding appellants were collaterally estopped from litigating certain claims based on the Sacramento County Superior Court's findings and judgment in Case No. 21UD01125 ("State Court Judgment").

The premise of Appellants' Motion to Stay is that appellants need time to "petition the Supreme Court of California regarding the potential transfer" of Mehl's challenge of State Court Judgment. But that premise is unfounded. California Rules of Court Rule 8.500(a)(1) governing petitions for review makes clear that "the denial of a transfer of a case within the appellate jurisdiction of the superior court" is ineligible for review.

By way of background, Mehl initially appealed the State Court Judgment. Because Case No. 21UD01125 concerned an unlawful detainer matter, which constitutes a limited civil case, the appellate division of the Sacramento County Superior Court had jurisdiction over this appeal. *See., e.g., The Bank of New York Mellon v. Preciado* (2013) 224 Cal.App.4th Supp. 1, 6; *see also* California Rules of Court Rule 8.820. The appellate division not only dismissed Mehl's appeal as untimely,

2

which is a jurisdictional defect, but also made clear it would have affirmed the State Court Judgment on the merits. Mehl petitioned the appellate division for rehearing and alternatively requested the appellate division certify the case for transfer to the California Third District Court of Appeal for further review. Both requests were denied. Having failed once again, Mehl directly petitioned the Third District Court of Appeal for a petition to transfer the case, and the matter was docketed in the Court of Appeal as Case No. C100563. This petition was likewise denied. Mehl continued on, filing a "Motion for Reconsideration or Rehearing of the Order Denying Transfer." On March 28, 2024, the Third District Court of Appeal rejected appellants' motion and returned it unfiled. In a letter sent that same day, the court clerk explained: "The order denying the petition to transfer was filed on March 25, 2024, and the case was final on that date. Therefore, no further filings are permitted in this case." The clerk, however, appeared to include some boilerplate language that under CRC Rule 8.500, "a party may file a petition in the Supreme Court for review of any decision of the Court of Appeal." (Pezold Decl., Ex. 1.) In response to a follow-up letter by Mehl, the Supervising Deputy Clerk correctly clarified that Rule 8.500(a)(1) does not allow a petition for review on denial of a transfer of a case within the appellate jurisdiction of the trial court. (Pezold Decl., Ex. 3.) This is consistent with the advice of the Supreme Court clerks. Indeed, Mehl admits he already spoke to a Deputy Clerk at the California Supreme Court, who confirmed that this case "could not be filed for review with the Supreme Court." (Pezold Decl., Ex. 4.)

3

Although Mehl states he wrote a letter to the California Supreme Court on April 5, 2024 to request clarification regarding whether Rule 8.500(a)(1) applies to this case, the supervising clerk at the California Supreme Court by the name of Simone has indicated the Supreme Court has not received Mehl's letter as of April 24, 2024. (Pezold Decl., ¶ 6.) There is therefore nothing pending in the Supreme Court. Simone also indicated that if the Supreme Court were to receive a letter requesting clarification, it would similarly advise that under Rule 8.500(a)(1), the Court of Appeal's denial of a petition to transfer is not eligible for a petition for review. (Pezold Decl., ¶ 6.)

In short, Rule 8.500(a)(1) could not be clearer. The State Court Judgment is final, and Mehl has exhausted his potential remedies in the California state courts. Mehl's suggestion that he may file a writ if he cannot petition for review should be disregarded. A writ petition is only available when a party lacks an adequate remedy at law, which includes a direct right to appeal. *Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1015 (a writ is not a substitute for an adequate legal remedy by appeal). It is not that Mehl lacked an adequate remedy at law, but rather that he exhausted those rights. There are no grounds to stay this matter.

## Conclusion

For the foregoing reasons, this court should deny Appellants' motion to stay appellate proceedings.

Dated: April 24, 2024

SNELL & WILMER L.L.P.
Eric S. Pezold
Andrew B. Still

*/s/ Eric S. Pezold*
Eric S. Pezold
Attorneys for Appellees

## Declaration of Eric S. Pezold

I, Eric S. Pezold:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California. I am a partner with the law firm of Snell & Wilmer L.L.P., attorneys of record for appellees. I make this declaration in support of appellees' opposition to Appellants' Motion to Stay Appellate Proceedings.

2.      Attached as Exhibit 1 is a true and correct copy of from the Clerk of the Court of Appeal for the State of California, Third Appellate District to Gavin Mehl, dated March 28, 2024.

3.      Attached as Exhibit 2 is a true and correct copy of Gavin Mehl's letter to the Court of Appeal for the State of California, Third Appellate District, dated March 29, 2024.

4.      Attached as Exhibit 3 is a true and correct copy a letter from the Clerk of the Court of Appeal for the State of California, Third Appellate District to Gavin Mehl, dated April 3, 2024.

5

5.     Attached as Exhibit 4 is a true and correct copy of Gavin Mehl's letter, dated April 5, 2024. While this letter is addressed to the California Supreme Court, a clerk of the court has indicated it was not received as of April 24, 2024.

6.     On April 24, 2024, one of my associates called the California Supreme Court and spoke to a supervising clerk by the name of Simone. Simone indicated that court was not in receipt of any letters from Gavin Mehl and confirmed the court had not docketed any proceedings related to Court of Appeal Case No. C100563. Simone also stated that if the Supreme Court received a letter from Mr. Mehl asking for clarification regarding whether Rule 8.500(a)(1) applies to this case, it would advise that under Rule 8.500(a)(1), the Court of Appeal's denial of a petition to transfer is not eligible for a petition for review.

I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed on April 24, 2024, at Costa Mesa, California.

*/s/ Eric S. Pezold*
Eric S. Pezold

4860-3923-9607.1

6

# EXHIBIT 1

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
916.654.0209
www.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

March 28, 2024

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

Re:   Mehl v. Wilmington Trust National Association
      C100563
      Sacramento County Super. Ct. No. 21UD01125

Dear Mr. Mehl:

At the direction of the court, your document entitled "Motion for Reconsideration or Rehearing of the Order Denying the Transfer" is not being filed and is hereby rejected. Pursuant to rule 8.1018(a) of the California Rules of Court, the denial of the transfer is final immediately.   The order denying the petition to transfer was filed on March 25, 2024, and the case was final on that date.   Therefore, no further filings are permitted in this case.

Pursuant to rule 8.500 of the California Rules of Court, "a party may file a petition in the Supreme Court for review of any decision of the Court of Appeal. . . ."

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Kashiab Yang*

By:   Kashiab Yang
Assistant Deputy Clerk III

cc:   See Mailing List

8

MAILING LIST

Re:   Mehl v. Wilmington Trust National Association
      C100563
      Sacramento County Super. Ct. No. 21UD01125

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

Edward A. Treder
Barrett Daffin Frappier Treder & Weiss
3990 Concours, Suite 250
Ontario, CA 91764

Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

# EXHIBIT 2

C100563

No. _____

IN THE

**COURT OF APPEAL**

**FOR THE STATE OF CALIFORNIA**

**THIRD APPELLATE DISTRICT**

_____

MEHL, GAVIN

Defendant & Appellant

Vs.

WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF MFRA
TRUST 2016-1 A DELAWARE STATUTORY TRUST

Plaintiff & Respondent

_____

Appeal from the Superior Court of California,

County of Sacramento - Carol Miller Justice Center

The Hon. R. Steven Lapham (case no. 21UD01125)

_____

**LETTER IN RESPONSE TO KASHIAB YANG**

**REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)**

_____

Document received by the CA 3rd District Court of Appeal.

1

Counsel for Defendant & Appellant
Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822
Telephone: +1 917 304 6089
Email: mehlgavin@gmail.com

Counsel for Plaintiff & Respondent
Edward Alan Treder #116307
Barrett Daffin Frappier Treder & Weiss,
3990 Concours Ste 350, Ontario, CA 91764-7971
Phone: 626-371-7000 | Fax: 972-661-7709
Email: edwardt@BDFGroup.com

Document received by the CA 3rd District Court of Appeal.

2

TO Kashib Yang and the Honorable Associate Justices of the Court of Appeal of the State of California, Third Appellate District:

I am writing in response to your letter dated March 28, 2024, regarding the case Mehl v. Wilmington Trust National Association C100563. In your letter, you stated that pursuant to Rule 8.500 of the California Rules of Court, "a party may file a petition in the Supreme Court for review of any decision of the Court of Appeal. . . ."

However, this particular case appears to involve the denial of a transfer within the appellate jurisdiction of the superior court. It appears that the cited rule may not apply to this specific situation, as it may be an exception to petitioning the Supreme Court for review of a Court of Appeal decision. Please clarify if my interpretation of Rule 8.500(a)(1) is correct, as this will help determine whether any writ remedies are available and avoid piecemeal litigation over the scope of the rule.

Dated: March 29, 2024

Respectfully submitted,          /s/          Gavin Mehl

_____

Document received by the CA 3rd District Court of Appeal.

3

## PROOF OF ELECTRONIC SERVICE

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 6640 Bush Way, Carmichael, CA 95608.

   b. My electronic service address is: zeke@powerpolitics.com

3. I electronically served the following document, as indicated below:

**LETTER IN RESPONSE TO KASHIAB YANG**
**REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)**
21UD01125 – Wilmington Trust vs. Mehl

4. I electronically served the document checked in 3 as follows:

   a.  (1) Name of person served: Edward A. Treder, Barrett Daffin

       *On behalf of*: Wilmington Trust, NA, as Trustee of MFRA Trust

       (2) Electronic service address of person served:

       edwardt@bdfgroup.com

       (3) On (*date*): March 29, 2024

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed on March 29, 2024,                    /s/ Zeke Laymen

                              By: _____

                                   Zeke Layman

# EXHIBIT 3

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
916.654.0209
www.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer


April 3, 2024


Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822


Re:    Mehl v. Wilmington Trust National Association
       C100563
       Sacramento County Super. Ct. No. 21UD01125

Dear Mr. Mehl:

This letter is in response to your letter received on March 29, 2024, requesting clarification of rule 8.500(a)(1).   Please be advised that the Clerk's Office is not allowed to provide legal advice, but it does appear that the rule does not allow the filing of a petition for review on the denial of a transfer of a case within the appellate jurisdiction of the trial court.   If you have further questions regarding filing a petition for review in the Supreme Court, you may contact the Supreme Court at the address listed below.

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
415-865-7000


Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Liz Gomez*
By:  Liz Gomez
Supervising Deputy Clerk


cc:   See Mailing List

16

MAILING LIST

Re:    Mehl v. Wilmington Trust National Association
       C100563
       Sacramento County Super. Ct. No. 21UD01125


Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822


Edward A. Treder
Barrett Daffin Frappier Treder & Weiss
3990 Concours, Suite 250
Ontario, CA 91764


Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

# EXHIBIT 4

No. _____

IN THE

**SUPRMEME COURT OF CALIFORNIA**

_____

MEHL, GAVIN

Defendant & Appellant


Vs.


WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF MFRA
TRUST 2016-1 A DELAWARE STATUTORY TRUST

Plaintiff & Respondent

_____


Appeal from the Superior Court of California,

County of Sacramento - Carol Miller Justice Center

The Hon. R. Steven Lapham (case no. 21UD01125)

_____


**LETTER REQUESTING CLARIFICATION ON RULE 8.500(a)(1)
AND IF THERE IS NO PLAIN, SPEEDY AND ADEQUATE
REMEDY IN THE ORDINARY COURSE OF LAW AVAILABLE
Re: Case No. C100563**

_____

1

Counsel for Defendant & Appellant

Gavin Mehl

5960 S. Land Park Dr. #1166

Sacramento, CA 95822

Telephone: +1 917 304 6089

Email: mehlgavin@gmail.com


Counsel for Plaintiff & Respondent

Edward Alan Treder #116307

Barrett Daffin Frappier Treder & Weiss,

3990 Concours Ste 350, Ontario, CA 91764-7971

Phone: 626-371-7000 | Fax: 972-661-7709

Email: edwardt@BDFGroup.com

2

April 5, 2024,

Dear Justices of the Supreme Court of California:

I am writing to request clarification regarding whether Rule 8.500(a)(1) of the California Rules of Court applies to my case, Mehl v. Wilmington Trust National Association, C100563.

This case involves the denial of my transfer request within the appellate jurisdiction of the Sacramento County Superior Court. I previously received letters from the Court of Appeal dated March 28, 2024 and April 3, 2024 indicating that the rules do not appear to allow filing a petition for review of the transfer denial. See copies of the letters attached.

However, I would appreciate definitive clarification from this Court on whether the facts and procedural history of my specific case, as outlined in docket C100563, properly align with the requirements of Rule 8.500(a)(1) for filing a petition for review.

Additionally, on April 5, 2024, I spoke by phone with Deputy Clerk Jonathan at your Court, who informed me that based on the facts and rule above, this case could not be filed for review with the Supreme Court. I am hoping to obtain your confirmation of this in writing, along with a determination that in this case, there is no plain, speedy and adequate remedy in the ordinary course of law available to me at this time.

3

Thank you for your time and consideration in clarifying this matter. Please let me know if you require any additional information. I look forward to your response.

Dated: April 5, 2024

Respectfully submitted,           /s/        Gavin Mehl

_____

## PROOF OF ELECTRONIC SERVICE

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 5960 S. Land Park Dr. #1166 Sacramento, CA

   95822

   b. My electronic service address is: mehlgavin@gmail.com

3. I electronically served the following document, as indicated below:

   **REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)**
   21UD01125 – Wilmington Trust vs. Mehl

4. I electronically served the document checked in 3 as follows:

   a.  (1) Name of person served: Edward A. Treder, Barrett Daffin

       *On behalf of*: Wilmington Trust, NA, as Trustee of MFRA Trust

       (2) Electronic service address of person served:

       edwardt@bdfgroup.com

       (3) On (*date*): April 5, 2024

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed on April 5, 2024,          /s/ Gavin Mehl

                                    By: _____

                                        Gavin Mehl

5