Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Plaintiff(s), Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br>Plaintiff(s), Appellants,<br><br>v.<br><br>WARREN GREEN, et al.<br><br>Defendant(s) - Appellees | No. 23-3603<br><br>D.C. No: 2:21-cv-01861-TLN-JDP<br><br>**MOTION TO STAY APPELLATE PROCEEDINGS AND AFFIDAVIT ISO** |

Plaintiffs-Appellants Gavin Mehl and Ron Cupp respectfully move this Court to stay the pending appellate proceedings in Mehl v. Green et al, No. 23-3603.

As stated in the attached Declaration of Gavin Mehl and supporting Exhibit A, the related state court judgment that formed the basis for the district court's dismissal remains non-final. Plaintiff-Appellant Mehl has actively pursued further appellate review of his state case, Mehl v. Wilmington Trust National Association, Case No. C100563 (See Declaration ¶¶ 2-4; Exhibit A).

On March 25, 2024, the California Court of Appeal denied Mehl's petition to transfer his appeal to itself from the superior court's appellate division (Declaration ¶ 3). Mehl proceeded to seek clarification from the California Supreme Court on whether he could petition for review of the transfer denial under Rule 8.500(a)(1) (Declaration ¶ 4; Exhibit A).

Despite sending the Supreme Court letters dated April 5, 2024, April 26, 2024, and June 17, 2024, Mehl has not received a definitive response on whether Rule 8.500(a)(1) allows him to petition for review (Declaration ¶ 4; Exhibit A).

Absent resolution of Mehl's state appeal, the district court's dismissal based on the non-final state judgment was premature (Declaration ¶ 5). Staying these federal appellate proceedings pending conclusive state court guidance upholds equity and comity principles by allowing California courts to fully resolve related state law issues first (Declaration ¶ 6).

A modest delay avoids federal interference and preserves Plaintiffs-Appellants' ability to litigate their reserved federal claims under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964) (Declaration ¶ 7). Plaintiffs-Appellants face irreparable harm if their federal review is foreclosed (Declaration ¶ 8).

In contrast, Defendants-Appellees would suffer only routine delay incidental to proper exhaustion of state remedies (Declaration ¶ 9). The balance of equities weighs heavily in favor of a stay under these circumstances, given Plaintiffs-Appellants' diligent but unanswered state court requests spanning over three months (Declaration ¶ 10).

Granting a stay serves equity and aligns with federalism and comity principles. WHEREFORE, Plaintiffs-Appellants respectfully request a stay until the California Supreme Court provides needed guidance to conclusively resolve Plaintiffs-Appellants' state appellate options (Declaration ¶ 11).

## DEFENDANTS POSITION

As stated in my declaration, Mehl contacted opposing counsel seeking to stipulate to a stay pending state court clarification (Declaration ¶3).

Eric Pezold, counsel for Appellee PeerStreet, Inc., refused to stipulate. He previously argued that the Court of Appeal's denial of my transfer petition on March 25, 2024 extinguished grounds for a stay.

Similarly, Edward A. Treder, counsel for Appellees Wilmington Trust, NA and Warren Green, declined to stipulate to a stay. He stated "Mr. Mehl, we do not consent to a stay of the federal appeal…"

The parties have reached an impasse on stipulating to a stay while the state judgment remains non-final (Declaration ¶4). However, Plaintiffs-Appellants maintain equity and comity principles warrant pausing this federal appeal until the California courts fully resolve my state case.

Given the lack of stipulation despite my efforts (Declaration ¶3), Plaintiffs-Appellants hereby move this Court for a discretionary stay over Defendants-Appellees' objections. As stated in my motion, granting a stay aligns with abstention doctrines and England's reservation of federal claims precedent.

WHEREFORE, Plaintiffs-Appellants respectfully request this Court exercise its discretion to stay the proceedings until the California Supreme Court provides needed guidance to conclusively resolve Plaintiffs-Appellants' state court appellate options.

Respectfully submitted,

Dated: June 17, 2024                    /s/ Gavin Mehl

Dated: June 17, 2024                    /s/ Ron Cupp

1 | Gavin Mehl
2 | 5960 S. Land Park Dr. #1166
  | Sacramento, California ~95822
3 | Phone: (917) 304-6089
  | Email: mehlgavin@gmail.com

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br>Plaintiff(s), Appellants,<br><br>v.<br><br>WARREN GREEN, et al.<br><br><br>Defendant(s) - Appellees | No. 23-3603<br><br><br>D.C. No: 2:21-cv-01861-TLN-JDP<br><br>**AFFIDAVIT OF GAVIN MEHL IN SUPPORT OF MOTION TO STAY APPELLATE PROCEEDINGS** |

I, Gavin Mehl, declare as follows:

1. I am the Plaintiff-Appellant in this federal appeal arising from alleged violations of federal and state consumer protection laws by Defendants-Appellees regarding their debt collection practices.

2. Attached as Exhibit A are true and correct copies of the letters I sent to the California Supreme Court dated April 5, 2024, April 26, 2024, and June 17, 2024 requesting clarification on whether I can petition for review of the state court judgment under Rule 8.500(a)(1).

3. I contacted opposing counsel, Eric Pezold and Edward A. Treder, regarding stipulating to a stay of these federal appellate proceedings pending final resolution of my state court appellate options. Counsel refused to so stipulate.

4. The parties have reached an impasse on stipulating to a stay of this federal appeal, necessitating the present motion.

5. A stay is needed because the related state court judgment that formed the basis for the district court's dismissal remains non-final pending my active pursuit of further appellate review in the California courts.

6. Absent a stay, I face irreparable harm if my ability to present reserved federal claims in this Court is permanently foreclosed before I can secure a final state judgment.

7. In contrast, Defendants-Appellees would suffer only routine delay inherent in proper exhaustion of state remedies.

8. Accordingly, for the reasons stated in my motion, a temporary stay upholds equity and comity by allowing California courts to conclusively resolve the related state law issues first.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 17, 2024                         /s/ Gavin Mehl

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Simone Voltz, Clerk Supervisor
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
415-765-7000

3rd  REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1) 21UD01125 – Wt vs. Mehl

Dear Madam Clerk Voltz,

I am writing to follow up once again on my letter dated April 26, 2024 requesting clarification on whether Rule 8.500(a)(1) of the California Rules of Court applies to my case, Mehl v. Wilmington Trust National Association, C100563.

As of today, June 17, 2024, I still have not received a response to my previous letters. I have a related federal case pending before the 9th Circuit Court of Appeals, Mehl v. Green et al, No. 23-3603, for which the proceedings have been stayed pending resolution of the state court proceedings.

Given the delay in hearing back from the California Supreme Court, the ongoing stay is preventing my federal case from moving forward. I would greatly appreciate if you could please provide the requested clarification on if the specific facts and procedural history of my state case properly align with the requirements of Rule 8.500(a)(1).

To summarize, I am respectfully requesting definitive written confirmation from the Supreme Court on whether in this case, involving the denial of a transfer to the Court of Appeal under these specific facts, there is no plain, speedy and adequate remedy in the ordinary course of law available to me at this time.

I have attached copies of my previous letters dated April 26, 2024 and April 5, 2024 for your reference.

Please let me know if you need any other information from me. I look forward to your response at your earliest convenience, as it is needed to lift the stay and resume my federal appellate case.

Thank you again for your time and attention on this matter.

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822
mehlgavin@gmail.com
917.304.6089

04/26/2024

Simone Voltz, Clerk Supervisor
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
415-765-7000

Re:    LETTER REQUESTING CLARIFICATION ON RULE 8.500(a)(1) AND IF THERE IS NO
          PLAIN, SPEEDY AND ADEQUATE REMEDY IN THE ORDINARY COURSE OF LAW

Dear Madam Clerk Voltz,

I am writing to request clarification on whether Rule 8.500(a)(1) of the California Rules of Court
applies to my case, Mehl v. Wilmington Trust National Association, C100563.

This case involves the denial of my transfer request within the appellate jurisdiction of the Sacramento
County Superior Court. I have attached two relevant letters from the Court of Appeal - one dated
03/28/2024 stating I can petition the Supreme Court, and one dated 04/03/2024 stating I should contact
your office to clarify this question.

I would appreciate definitive clarification from the Supreme Court on whether the specific facts and
procedural history of my case, as outlined in docket C100563, properly align with Rule 8.500(a)(1)
requirements for filing a petition for review.

Additionally, I sent your office a letter on April 5, 2024 regarding this issue (copy attached), but
according to my phone call with Clerk Dianna on 04/26/2024 at 11:30 am, you have not received that
letter.

I am hoping to obtain your confirmation in writing that in this case, involving the denial of a transfer to
the Court of Appeal under these specific facts, THERE IS NO PLAIN, SPEEDY AND ADEQUATE
REMEDY IN THE ORDINARY COURSE OF LAW AVAILABLE at this time.

Thank you for your time and attention on this matter.

Sincerely,

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822
mehlgavin@gmail.com
917.304.6089

1

No. _____

IN THE

**SUPRMEME COURT OF CALIFORNIA**

---

MEHL, GAVIN

Defendant & Appellant

Vs.

WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF MFRA
TRUST 2016-1 A DELAWARE STATUTORY TRUST

Plaintiff & Respondent

---

Appeal from the Superior Court of California,

County of Sacramento - Carol Miller Justice Center

The Hon. R. Steven Lapham (case no. 21UD01125)

---

**LETTER REQUESTING CLARIFICATION ON RULE 8.500(a)(1)
AND IF THERE IS NO PLAIN, SPEEDY AND ADEQUATE
REMEDY IN THE ORDINARY COURSE OF LAW AVAILABLE
Re: Case No. C100563**

---

1

Counsel for Defendant & Appellant
Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822
Telephone: +1 917 304 6089
Email: mehlgavin@gmail.com

Counsel for Plaintiff & Respondent
Edward Alan Treder #116307
Barrett Daffin Frappier Treder & Weiss,
3990 Concours Ste 350, Ontario, CA 91764-7971
Phone: 626-371-7000 | Fax: 972-661-7709
Email: edwardt@BDFGroup.com

April 5, 2024,

Dear Justices of the Supreme Court of California:

I am writing to request clarification regarding whether Rule 8.500(a)(1) of the California Rules of Court applies to my case, Mehl v. Wilmington Trust National Association, C100563.

This case involves the denial of my transfer request within the appellate jurisdiction of the Sacramento County Superior Court. I previously received letters from the Court of Appeal dated March 28, 2024 and April 3, 2024 indicating that the rules do not appear to allow filing a petition for review of the transfer denial. See copies of the letters attached.

However, I would appreciate definitive clarification from this Court on whether the facts and procedural history of my specific case, as outlined in docket C100563, properly align with the requirements of Rule 8.500(a)(1) for filing a petition for review.

Additionally, on April 5, 2024, I spoke by phone with Deputy Clerk Jonathan at your Court, who informed me that based on the facts and rule above, this case could not be filed for review with the Supreme Court. I am hoping to obtain your confirmation of this in writing, along with a determination that in this case, there is no plain, speedy and adequate remedy in the ordinary course of law available to me at this time.

3

Thank you for your time and consideration in clarifying this matter. Please let me know if you require any additional information. I look forward to your response.

Dated: April 5, 2024

Respectfully submitted,        /s/        Gavin Mehl
_____

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
916.654.0209
www.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

March 28, 2024

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

Re:   Mehl v. Wilmington Trust National Association
      C100563
      Sacramento County Super. Ct. No. 21UD01125

Dear Mr. Mehl:

At the direction of the court, your document entitled "Motion for Reconsideration or Rehearing of the Order Denying the Transfer" is not being filed and is hereby rejected. Pursuant to rule 8.1018(a) of the California Rules of Court, the denial of the transfer is final immediately.   The order denying the petition to transfer was filed on March 25, 2024, and the case was final on that date.   Therefore, no further filings are permitted in this case.

Pursuant to rule 8.500 of the California Rules of Court, "a party may file a petition in the Supreme Court for review of any decision of the Court of Appeal. . . ."

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Kashiab Yang*

By:   Kashiab Yang
Assistant Deputy Clerk III

cc:  See Mailing List

MAILING LIST

Re:    Mehl v. Wilmington Trust National Association
       C100563
       Sacramento County Super. Ct. No. 21UD01125

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.    If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822


Edward A. Treder
Barrett Daffin Frappier Treder & Weiss
3990 Concours, Suite 250
Ontario, CA 91764


Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

C100563

No. _____

IN THE

**COURT OF APPEAL**

**FOR THE STATE OF CALIFORNIA**

**THIRD APPELLATE DISTRICT**

MEHL, GAVIN

Defendant & Appellant

Vs.

WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF MFRA
TRUST 2016-1 A DELAWARE STATUTORY TRUST

Plaintiff & Respondent

Appeal from the Superior Court of California,

County of Sacramento - Carol Miller Justice Center

The Hon. R. Steven Lapham (case no. 21UD01125)

**LETTER IN RESPONSE TO KASHIAB YANG**

**REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)**

1

Counsel for Defendant & Appellant
Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822
Telephone: +1 917 304 6089
Email: mehlgavin@gmail.com

Counsel for Plaintiff & Respondent
Edward Alan Treder #116307
Barrett Daffin Frappier Treder & Weiss,
3990 Concours Ste 350, Ontario, CA 91764-7971
Phone: 626-371-7000 | Fax: 972-661-7709
Email: edwardt@BDFGroup.com

TO Kashib Yang and the Honorable Associate Justices of the Court of Appeal of the State of California, Third Appellate District:

I am writing in response to your letter dated March 28, 2024, regarding the case Mehl v. Wilmington Trust National Association C100563. In your letter, you stated that pursuant to Rule 8.500 of the California Rules of Court, "a party may file a petition in the Supreme Court for review of any decision of the Court of Appeal. . . ."

However, this particular case appears to involve the denial of a transfer within the appellate jurisdiction of the superior court. It appears that the cited rule may not apply to this specific situation, as it may be an exception to petitioning the Supreme Court for review of a Court of Appeal decision. Please clarify if my interpretation of Rule 8.500(a)(1) is correct, as this will help determine whether any writ remedies are available and avoid piecemeal litigation over the scope of the rule.

Dated: March 29, 2024

Respectfully submitted,        /s/        Gavin Mehl

3

## PROOF OF ELECTRONIC SERVICE

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 6640 Bush Way, Carmichael, CA 95608.

   b. My electronic service address is: zeke@powerpolitics.com

3. I electronically served the following document, as indicated below:

## LETTER IN RESPONSE TO KASHIAB YANG
## REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)
21UD01125 – Wilmington Trust vs. Mehl

4. I electronically served the document checked in 3 as follows:

   a. (1) Name of person served: Edward A. Treder, Barrett Daffin

   *On behalf of*: Wilmington Trust, NA, as Trustee of MFRA Trust

   (2) Electronic service address of person served:

   edwardt@bdfgroup.com

   (3) On (*date*): March 29, 2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2024,          /s/ Zeke Laymen

By: _____

Zeke Layman

**OFFICE OF THE CLERK**
## COURT OF APPEAL
### Third Appellate District
### State of California

914 Capitol Mall
Sacramento, CA 95814-4814
916.654.0209
www.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

April 3, 2024

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

Re:   Mehl v. Wilmington Trust National Association
      C100563
      Sacramento County Super. Ct. No. 21UD01125

Dear Mr. Mehl:

This letter is in response to your letter received on March 29, 2024, requesting clarification of rule 8.500(a)(1). Please be advised that the Clerk's Office is not allowed to provide legal advice, but it does appear that the rule does not allow the filing of a petition for review on the denial of a transfer of a case within the appellate jurisdiction of the trial court. If you have further questions regarding filing a petition for review in the Supreme Court, you may contact the Supreme Court at the address listed below.

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
415-865-7000

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Liz Gomez*
By: Liz Gomez
Supervising Deputy Clerk

cc:   See Mailing List

## MAILING LIST

Re:   Mehl v. Wilmington Trust National Association
      C100563
      Sacramento County Super. Ct. No. 21UD01125

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

Edward A. Treder
Barrett Daffin Frappier Treder & Weiss
3990 Concours, Suite 250
Ontario, CA 91764

Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

## PROOF OF ELECTRONIC SERVICE

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 5960 S. Land Park Dr. #1166 Sacramento, CA 95822

   b. My electronic service address is: mehlgavin@gmail.com

3. I electronically served the following document, as indicated below:

   **3RD REQUEST FOR CLARIFICATION ON RULE 8.500(a)(1)**

   21UD01125 – Wilmington Trust vs. Mehl

4. I electronically served the document checked in 3 as follows:

   a. (1) Name of person served: Edward A. Treder, Barrett Daffin *On behalf of*: Wilmington Trust, NA, as Trustee of MFRA Trust

   (2) Electronic service address of person served:

   edwardt@bdfgroup.com

   (3) On (*date*): Junew 17, 2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2024,          /s/ Gavin Mehl

By: _____

Gavin Mehl

**PROOF OF ELECTRONIC SERVICE**

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 5960 S Land Park Drive #1166 Sac, CA 95822.

   b. My electronic service address is: mehlgavin@gmail.com

3. I electronically served the following document, as indicated below:

   MOTION TO STAY APPELLATE PROCEEDINGS AND AFFIDAVIT ISO

4. I electronically served the document checked in 3 as follows:

   a. (1) Name of person served: Edward A. Treder, Barrett Daffin

      On behalf of: Wilmington Trust, NA, as Trustee of MFRA Trust

      (2) Electronic service address of person served: edwardt@bdfgroup.com

   b. (1) Name of Person served: Eric S. Pezold

      On behalf of: Peer Street, Inc., Snell & Wilmer L.L.P.

      (2) Electronic service address of person served: epezold@swlaw.com

   c. (1) Name of Person served: Andrew Blake Still

      On behalf of: Andrew Blake Still

      (2) Electronic service address of person served: astill@swlaw.com

5. On (*date*): June 17, 2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2024,                          /s/ Gavin Mehl

                                        By: _____

                                        Gavin Mehl