Case No. 23-3603

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

GAVIN MEHL and RON CUPP,

Plaintiff and Appellants,

v.

WARREN GREEN, et al.,

Defendants and Appellees.

_____

United States District Court, Eastern District of California,
Case No. 2:21-cv-01861-TLN-JDP
Hon. Troy L. Nunley

_____

**Opposition to Appellants' Motion to Stay
Appellate Proceedings**

_____

SNELL & WILMER L.L.P.
Eric S. Pezold, Cal. Bar No. 255657
Andrew B. Still, Cal. Bar No. 312444
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
E-mail:    epezold@swlaw.com
           astill@swlaw.com

Attorneys for Appellees Peer Street, Inc., PS Funding, Inc., Snell & Wilmer, LLP, and Andrew Still

1

**Opposition to Appellants' Motion to Stay Appellate Proceedings**

Appellant's motion to stay omits a critical fact. On May 14, 2024, this court already denied appellants' motion for stay of appellate proceedings. [Dkt. 12.]

Nothing in appellants' newly-filed motion justifies additional consideration by this court. The premise of appellants' initial motion was that appellants needed time to "petition the Supreme Court of California regarding the potential transfer" of Mr. Gavin Mehl's challenge of a state court judgment. [Dkt. 8.] As appellees noted in their opposition to that motion (Dkt. 9), California Rules of Court Rule 8.500(a)(1) makes clear that "the denial of a transfer of a case within the appellate jurisdiction of the superior court" is ineligible for review. As a result, the March 25, 2024 order by California's Third District Court of Appeal ("March 25 Order") denying Mr. Mehl's petition to transfer finally disposed of Mr. Mehl's state court proceedings. It was thus unsurprising when this court denied appellants' motion to stay.

In its new motion filed June 17, 2024, appellants again seek a stay of appellate proceedings, claiming "the state judgment that formed the basis for the district court's dismissal remains non-final." [Dkt. 13.] Again, California Rule of Court 8.500(a) makes clear the March 25 Order is not subject to further review. The only new fact supporting appellants' motion is that the California Supreme Court has still not responded Mr. Mehl's additional letters seeking clarification on whether he can petition for review of the March 25 Order. But there is no pending case with the

2

California Supreme Court, and Mr. Mehl has not filed a petition with the California Supreme Court. The California Supreme Court has no obligation to answer Mr. Mehl's letters. Indeed, Mr. Mehl has been informed by both the Supervising Deputy Clerk of the Third District Court of Appeal and the Deputy Clerk at the California Supreme Court that he cannot challenge the March 25 Order by petition to the California Supreme Court. Notably, even if the March 25 Order had been reviewable, a petition would be untimely now that almost three months has passed. Cal. R. Ct. Rules 8.264(b) (finality of decision); 8.500(e)(1) (time to serve and file petition for review).

There remains no reason to stay this matter.

Finally, appellees are concerned appellants will continue their efforts to delay the resolution of the parties' disputes, which have been at center of numerous proceedings across various fora. In this case alone, Appellants have repeatedly missed their deadlines for their opening brief. The opening brief was to be filed by January 1, 2024. [Dkt. 2.] Over two weeks after that deadline passed, Mr. Mehl filed a motion to extend. [Dkt. 4.] This court set March 1, 2024 as the new deadline. [Dkt. 5.] On March 1, appellants failed to file their opening brief; Mr. Mehl instead filed another motion to extend. [Dkt. 6.] The court granted that motion in part, extending appellants' deadline to April 12, 2024, but ordered that "[a]ny further motion to extend the briefing schedule based on the state court proceedings should be filed as a motion to stay appellate proceedings." [Dkt. 7.] On April 12, 2024, appellants again filed no opening brief; Mr. Mehl filed a motion to stay. [Dkt. 8.] This court denied

3

the motion to stay and ordered the opening brief due on June 14, 2024. [Dkt. 12.] Appellants have yet to file their opening brief. Instead, on June 17, Mr. Mehl filed a second motion to stay. [Dkt. 13.] At this juncture, it appears that simply denying the motion and setting a new deadline for the opening brief may not be enough. Appellees ask this court to consider: (1) setting a deadline for the opening brief that cannot be extended and (2) dismissing this appeal for failure to prosecute under Ninth Circuit 42-1 if appellants miss another deadline.

## Conclusion

For the foregoing reasons, this court should deny appellants' motion to stay appellate proceedings.

Dated: June 21, 2024

>SNELL & WILMER L.L.P.
>Eric S. Pezold
>Andrew B. Still
>
>*/s/ Eric S. Pezold*
>Eric S. Pezold
>Attorneys for Appellees

4876-6794-8489.1

4